DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.
 {¶ 2} On November 12, 1986, the decedent, David L. Sniadecki, Sr., was struck by an uninsured motorist/tortfeasor as he was riding his bicycle in a crosswalk. Mr. Sniadecki suffered severe injuries and died two days later.
 {¶ 3} At the time of his death, the decedent and his spouse, Frances N. Sniadecki, were both members of the Echo Meadows Church of Christ ("Church"). During that period, the Church had a motor vehicle liability policy with appellee, Auto-Owners Insurance Company ("Auto-Owners"). The Auto-Owners policy included uninsured/underinsured ("UM/UIM") coverage with a limit of $1 million. The policy provided coverage for the named insured, the Church, and five buses owned and operated by the Church. For the purpose of UM/UIM coverage, an "insured" was defined as "(a) the first named insured if an individual and not a corporation, firm or partnership, and, while residents of the same household, the spouse of the first named insured and, if not owning any automobile, the relatives of either (b) any person while in, upon, entering or alighting from an automobile to which Coverage A [the liability insurance section of the policy] applies; (c) any person, with respect to damages he is entitled to recover damages for care or loss of services because of bodily injury to which Coverage D applies."
 {¶ 4} In 1999, the Ohio Supreme Court decided Scott-Pontzerv. Liberty Mut. Ins. Co., (1999), 85 Ohio St.3d 660. InScott-Pontzer, the court held that, under certain circumstances, the commercial motor vehicle policy or policies providing liability coverage to a corporation would afford UM/UIM coverage to an employee of the corporation who suffered injury when he was driving his personal motor vehicle for his personal purposes. Id. at 666.
 {¶ 5} On October 31, 2001, appellant, Frances N. Clinton (f.k.a. Frances N. Sniadecki), Administratrix of the Estate of David L. Sniadecki, filed a complaint seeking, inter alia, a judgment declaring that the decedent, as a member of the Church, was entitled to UM/UIM coverage under the Auto-Owners policy. Auto-Owners answered and subsequently filed a motion for summary judgment. Appellant filed a cross-motion for summary judgment and a memorandum in opposition to Auto-Owners' motion for summary judgment.
 {¶ 6} In her cross-motion for summary judgment, appellant relied on Bianchi v. Moore (May 11, 2001), 6th Dist. No. OT-00-007, to argue that the decedent was an insured under the UM/UIM Provision in the Auto-Owners policy. In Bianchi, the insurer, which was also Auto-Owners, defined "insured" for the purpose of UM/UIM coverage in identical language to that found in the case before us. We reluctantly followed Scott-Pontzer, and determined that a township trustee who was walking to the township hall when he was struck and injured by an uninsured motorist was an "insured" for the purpose of UM/UIM coverage. Id. This determination was predicated on the fact that we were "unable to distinguish the language in the Auto Owners' policy from the language in the Scott-Pontzer policy." Id.
 {¶ 7} On October 8, 2003, the trial court denied appellant's motion for summary judgment and granted Auto-Owners' motion for summary judgment. Appellant claims the following error occurred in the proceedings below:
 {¶ 8} "The trial court erred in granting Auto-Owners' motion for summary judgment and denying plaintiff's motion for summary judgment regarding plaintiff's deceased husband's status as an insured for the purposes of uninsured/underinsured motorist coverage. The trial court wholly failed to address the unique status of church members as insured when the named insureds is a church."
 {¶ 9} Here, and despite appellant's arguments to the contrary, her entire cause of action is based on the identical definition of "insured" (for the purpose of UM/UIM coverage) used in Bianchi and the indistinguishable definition inScott-Pontzer. This reliance is misplaced because the holding in Scott-Pontzer was limited by the Ohio Supreme Court inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849 to employees who are injured in a motor vehicle collision while acting within the course scope of their employment. Id. at ¶ 61. In addition, our highest court denied the numerous motions for reconsideration of the Galatis
holdings. See Westfield Ins. Co. v. Galatis,100 Ohio St.3d 1548; 2003-Ohio-6879; In re Uninsured Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 10} It is undisputed that David L. Sniadecki, Sr. was not an employee acting within the course and scope of his employment at the time he was struck by an uninsured tortfeasor. As a result, his estate cannot claim that he was afforded UM/UIM coverage under the Church's motor vehicle liability policy, and appellant's sole assignment of error is found not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., Concur.